IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2020

**STATE OF TENNESSEE v. FLOYD PETE LYNCH**

**Appeal from the Criminal Court for Hancock County**
**No. 16-CR-060     Alex E. Pearson, Judge**

_____

**No. E2019-00195-CCA-R3-CD**
_____

The Defendant, Floyd Pete Lynch, was convicted by a Hancock County Criminal Court jury of violating the sexual offender registry, a Class E felony. *See* T.C.A. § 40-39-208 (2018). He received a sentence of four years' confinement. On appeal, the Defendant contends that the evidence was insufficient to support his conviction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Gerald T. Eidson, Rogersville, Tennessee, for the appellant, Floyd Pete Lynch.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Dan E. Armstrong, District Attorney General; and Akiah Highsmith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Hancock County grand jury indicted the Defendant for violating the sexual offender registry for the Defendant's failure to report as required.

At the trial, Officer Randy White with the Hancock County Sheriff's Department (HCSD) testified that he obtained an arrest warrant for the Defendant in April 2016. He said that the Defendant was on the sexual offender registry for a rape conviction. The Defendant's judgment for rape was entered into evidence. Officer White said that the Defendant, as mandated by the Tennessee Sexual Offender Registration Act, was required to report to Sharon Cantwell at the HCSD. Officer White testified that the

Defendant was required to report in March, June, September, and December of each calendar year and that the last time the Defendant reported was in 2015.

Ms. Cantwell testified that she was an office manager at the HCSD, that her duties included managing the sex offender registry, and that sexual offenders reported to her. She stated that the Defendant was classified as a violent sexual offender and was required to report to her in March, June, September, and December. Ms. Cantwell testified that the Defendant began reporting to her in 2009 and that the last time the Defendant reported was in 2015. Ms. Cantwell identified an instruction form she had reviewed with the Defendant on October 12, 2015, which read in part as follows:

> Violent sexual offender shall report in person during the months of March, June, September and December of each calendar year to the designated law enforcement agency on a date established by such agency and shall pay their administrative fee of 150 dollars at the time of the violent offender's initial registration or initial reporting date for the calendar year.

Ms. Cantrell said that the Defendant initialed each page of the form and signed the following acknowledgment:

> I acknowledge that I have read or had read to me the registration verification and tracking requirements for both the [S]tate of Tennessee and federal law, which begins on page one and ends on page five of this document. The requirements have been fully explained and I understand these requirements.

The form was then received as an exhibit. Ms. Cantwell said that it was her practice to give a copy of this form to the reporting offender.

Ms. Cantwell testified that the Defendant was supposed to but did not report in December 2015. She said the Defendant's next required reporting date was in March 2016, but he failed to report again. Ms. Cantwell said that in April 2016, she spoke with Officer White about issuing an arrest warrant for the Defendant's failure to report. Ms. Cantwell testified that she never told the Defendant he did not need to report. Ms. Cantwell said that no one else in the sheriff's office would have informed the Defendant that he did not need to report because she was the only person to whom the Defendant reported. Ms. Cantwell said that she had no information that the Defendant had moved and that the Defendant never contacted her.

On cross-examination, Ms. Cantrell said that the Defendant reported every time that he was required to do so before he failed to report in December 2015.

The Defendant testified that he had a 1989 conviction for a rape that he committed in Hancock County. The Defendant said that he pleaded guilty and that at the time he signed the plea agreement, there was no requirement he register with the sexual offender registry. The Defendant said that he received a letter from the Tennessee Bureau of Investigation in 2009 informing him that he was required to register. The Defendant stated that he registered as required and began reporting every three months to Ms. Cantwell at the HCSD.

The Defendant testified that in 2010, there was a problem with the state computer system. He said that his paperwork stated that if his conviction date were before 1995, then he was not required to register with the sexual offender registry. The Defendant said that he called the state registry about his reporting requirement. The Defendant stated that he spoke to a woman who informed him that the only way to end his reporting requirement would be to have the requirement "terminated, overturned[,] or pardoned."

The Defendant said that he spoke to Ms. Cantwell in March 2010 regarding his registration requirements. He explained that the state computer would not allow Ms. Cantwell to register the Defendant. The Defendant said that Ms. Cantwell placed a call to determine why she was unable to register the Defendant. The Defendant said Ms. Cantwell said that there had been a mistake, that she had not terminated the Defendant's registration, and that the computer needed to be fixed so that she could register the Defendant.

The Defendant testified that he stopped reporting to Ms. Cantwell in 2015. He stated that he stopped going because "somebody looked up the law" and told him that once terminated, the Defendant did not have to report again unless he was convicted of another crime. The Defendant said that he did not recall discussing this with Ms. Cantwell. The Defendant further explained that he had been "released" for seventeen years, had no new arrests, and did not understand why he was required to report.

The Defendant testified that he recalled reporting to Ms. Cantwell on October 12, 2015. He said that he did not receive any notifications that he had failed to report in December 2015 or March 2016. The Defendant stated that the first notification he received regarding his failure to report was when he was arrested.

On cross-examination, the Defendant said that in 2010, he believed that something in the state computer indicated that he had been terminated from the registry. The Defendant said that he continued to report every three months until 2015. The Defendant stated that his required reporting months were March, June, September, and December. The Defendant said that he never received any paperwork stating that he had been terminated from the registry. The Defendant also said that he had never gone into court to have a judge terminate his status on the sexual offender registry. The Defendant said that aside from contacting the state registry, he had never participated in any official

-3-

proceeding to be removed from the sexual offender registry. The Defendant said that the woman with whom he spoke at the state registry told him that "she would see what she would do," but that the Defendant never called her back to confirm that he had been removed from the registry. The Defendant testified that the reporting requirement did not exist when he pleaded guilty to rape and that he did not believe he should have to report. The Defendant explained that he decided to stop reporting to Ms. Cantwell and that he "[n]ever wanted to go to begin with." The Defendant said that he remembered initialing and signing the instruction form on October 12, 2015. The Defendant reviewed the document and confirmed that it contained his signature.

Upon this evidence, the jury convicted the Defendant of violating the sexual offender registry. This appeal followed.

The Defendant contends that the evidence is insufficient to support his conviction for violating the sexual offender registry. His argument, in its entirety, is as follows:

> The Defendant testified that it didn't make sense for him to continue to register on the sex offender registry[.] His rationale was that the registration law did not exist when he . . . entered his plea and no court had ordered it as a condition of his probation.

The State responds that the evidence is sufficient to support the Defendant's conviction for violating the sexual offender registry.

We first address the deficiencies in the Defendant's brief. The Defendant's brief lacks a statement of facts relevant to his issue on appeal, and the argument section contains no citations to authorities. *See* T.R.A.P. 27(a)(6), (7). Tennessee Rule of Appellate Procedure 27(a)(6) requires that an appellant include a statement of facts "setting forth the facts relevant to the issues presented for review with appropriate references to the record." Tennessee Rule of Appellate Procedure 27(a)(7) requires that an appellant's argument contain "citations to the authorities and appropriate references to the record . . . relied on." The Rules of this court provide, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived[.]" Tenn. Ct. Crim. App. R. 10(b). Notwithstanding the deficiencies in the Defendant's brief, we will consider the issue. We caution counsel, however, that appellate review is frustrated by the failure to include facts relevant to the issues on appeal and the failure to identify the basis in the record for the argument presented and that compliance with the Rules of Appellate Procedure is expected.

In determining the sufficiency of the evidence, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *see State v. Vasques,* 221 S.W.3d 514,

521 (Tenn. 2007). The State is "afforded the strongest legitimate view of the evidence and all reasonable inferences" from that evidence. *Vasques,* 221 S.W.3d at 521. The appellate courts do not "reweigh or reevaluate the evidence," and questions regarding "the credibility of witnesses [and] the weight and value to be given to the evidence . . . are resolved by the trier of fact." *State v. Bland,* 958 S.W.2d 651, 659 (Tenn. 1997); *see State v. Sheffield,* 676 S.W.2d 542, 547 (Tenn. 1984).

"A crime may be established by direct evidence, circumstantial evidence, or a combination of the two." *State v. Hall,* 976 S.W.2d 121, 140 (Tenn. 1998); *see also State v. Sutton,* 166 S.W.3d 686, 691 (Tenn. 2005). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes,* 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson,* 279 S.W.3d 265, 275 (Tenn. 2009)).

Tennessee Code Annotated section 40-39-208 provides in pertinent part that "[i]t is an offense for a[ violent sexual] offender to knowingly" fail "to timely register or report" to the offender's designated law enforcement agency.

Here, the Defendant admitted he failed to report. He stated that he did not believe he was required to report but acknowledged that he had never participated in an official proceeding to have his registration terminated. He testified that he spoke with a woman at the state registry but did not confirm that he had been removed from the sexual offender registry. Upon discussing this with Ms. Cantwell, he was informed that there had been a mistake and that he was still required to register and to report. The Defendant reported as required from 2009 through October 2015. Moreover, during his visit to Ms. Cantrell in October 2015, the Defendant signed an instruction form notifying him of his specific reporting requirements. The Defendant testified that someone told him that if his conviction were before 1995, then he was not required to report. However, he did not discuss this with Ms. Cantwell. Ms. Cantwell testified that the Defendant was required to report and to register with her and that she never told the Defendant he had been terminated from the registry. The judgment for the Defendant's 1989 rape conviction was entered into evidence, along with the signed instruction form indicating that the Defendant understood his ongoing reporting requirements. We conclude that the evidence is sufficient to support the Defendant's conviction for violating the sexual offender registry. The Defendant is not entitled to relief on this basis.

Based upon the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE